# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARNEL MERIWETHER, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV2152 JAR |
| | ) |
| CITY OF VELDA CITY POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiffs' motion entitled "Motion for Leave to Proceed in Forma Pauperis on Appeal, or in the Alternative request that this Court's Judgment of January 9, 2014 Be Vacated." Plaintiffs' motion was filed on February 4, 2014, almost a month after the Court dismissed this action pursuant to Fed.R.Civ.P. 41(b) for plaintiffs' failure to properly respond to this Court's December 3, 2013 Memorandum and Order. For the following reasons, the Court will deny plaintiff's post-dismissal motion.

## Procedural History

On October 23, 2013, plaintiffs Darnel Meriwether and Michael Thomas filed a joint complaint in this Court, pursuant to 42 U.S.C. § 1983, alleging violations of their civil rights. Named as defendants were the City of Velda City

Police Department, as well as Office Michael Lewis and Officer Jim Ervin. Plaintiffs asserted that the officers made a warrantless arrest, without probable cause, and falsely imprisoned plaintiffs in order to punish plaintiffs for exercising their First Amendment rights. Plaintiffs sought monetary damages and injunctive relief.

Because at the outset of the case, plaintiffs had failed to pay the filing fee and only plaintiff Meriwether submitted a motion for leave to proceed in forma pauperis, the Court, on December 3, 2013, ordered both plaintiffs to submit CJA-Form 23 Financial Affidavits. The Court additionally ordered plaintiff Thomas to submit a motion to proceed in forma pauperis. Plaintiffs were provided twenty (20) days to comply with the Court's Memorandum and Order. When plaintiffs failed to comply with this Court's Order, the case was dismissed pursuant to Fed.R.Civ.P. 41(b) on January 9, 2013

On January 9, 2013, after the Court dismissed the action pursuant to Fed.R.Civ.P. 41(b), the Court received from plaintiff Meriwether a motion "Directed to Judge John A. Ross for Unconditional Leave to Proceed In Forma Pauperis."[1] In his motion, plaintiff merely reasserted the claims submitted in

---

[1] Although the motion was stamped "received" by the Court on January 9, 2013, the motion was not docketed by the Clerk's Office until the next day, January 10, 2013. Thus, the Court was unaware of the motion until after the

plaintiffs' original complaint. The Court was unsure of the intent of plaintiff's motion, as plaintiff Darnel Meriwether had a prior motion to proceed in forma pauperis before the Court. The Court noted, in a Memorandum and Order issued on January 23, 2014, that it was plaintiff Thomas who was instructed to file a separate motion to proceed in forma pauperis, and that both plaintiffs had been instructed to file a financial affidavit. Neither plaintiff had done so. Plaintiff Meriwether was also told that he could not file a document on plaintiff Thomas' behalf.[2]

The Court further noted that even if it were to interpret plaintiff Meriwether's motion as a motion for reconsideration of the dismissal of this action, it had to be denied. Plaintiff Meriwether had still failed to submit the CJA-Form 23 Financial Affidavit, the "supplemental pleading" outlining the additional claims was not signed by plaintiff Thomas, and plaintiff Thomas had also failed to submit his motion to proceed in forma pauperis and the required CJA-Form 23 Financial Affidavit. As such, the Court refused to reconsider the dismissal of this matter.

---

dismissal of the case.

[2] A litigant may bring his own claims to federal court without counsel, but not the claims of others. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se").

## Discussion

In the instant motion before the Court, entitled "Motion for Leave to Proceed in Forma Pauperis on Appeal, or in the Alternative request that this Court's Judgment of January 9, 2014 Be Vacated," the Court must once again deny relief to plaintiffs. The Court cannot grant plaintiffs leave to proceed in forma pauperis on appeal, as plaintiffs have still not provided the Court with the CJA-23 Form 23 Financial Affidavits, which are necessary for review in order to make a determination of pauper status under 28 U.S.C. § 1915.

Moreover, taking plaintiffs' motion, in the alternative, as a motion for reconsideration of the dismissal, the Court must also deny plaintiffs' request for relief. First and foremost, because plaintiffs have filed a notice of appeal in this matter, on February 4, 2014, this Court has been divested of jurisdiction over the matters which plaintiffs are appealing.[3] See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). In other words, the Court has no

---

[3] Plaintiffs state that they are appealing "both the January 9th and January 23rd 2014 decision of this Court which was entered by Hon. Judge Ross." The Court believes plaintiffs are referring to the January 9, 2014 Order of Dismissal [Doc. #3 and #4], as well as the January 23, 2014 Memorandum and Order denying plaintiff Meriwether's "Motion Directed to Judge John A. Ross for Unconditional Leave to Proceed In Forma Pauperis" [Doc. #7].

jurisdiction to vacate its prior Order of Dismissal or the Order denying plaintiff Meriwether's motion for reconsideration of the dismissal.

Second, even if the Court could over turn its dismissal in this action, the Court would find that plaintiffs had still failed to comply with the Court's December 3, 2013 Memorandum and Order.  Although plaintiff Thomas states that pursuant to Fed.R.Civ.P. 60(b), he was unable to comply with the Court's December 3, 2013 Memorandum and Order due to "chronic diabetes," he has not fully explained how this health condition made him unable to fill out a financial affidavit or a separate motion to proceed in forma pauperis.

Federal Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam), cert. denied, 484 U.S. 836 (1987).  The explanation provided by plaintiff Thomas is not enough to show "extraordinary circumstances."  And plaintiffs' pro se status also does not qualify for relief under Rule 60(b).  As a result, the Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion entitled  "Motion for Leave to Proceed in Forma Pauperis on Appeal, or in the Alternative request that this Court's Judgment of January 9, 2014 Be Vacated" [Doc. #10] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall process plaintiffs' notice of appeal [Doc. #9] as filed.

Dated this 20th day of February, 2014.

                                                                    JOHN A. ROSS
                                                                    UNITED STATES DISTRICT JUDGE